Colcock, J.
In this case, the plaintiff endeav-oured to maintain his right to the land in question *334 hy a written title and by possession. On the first J J r # he could not prevail, because there was a link m the chain of title wanting, and also, because had the title been complete, the land in question was not comprehended within the boundaries mentioned in the written title. On the ground of possession, he is not entitled to recover the land which was intended to be given to him by the verdict of the jury, for if any possession was proved to have been in the plaintiff, it was only to that part which was enclosed by the fence, which is not a fourth of the land intended to be given by the verdict. The possession which is relied on in this case, is, I presume, such possession as was contemplated by the act of 28th March, 1787, which says, (section 8th,) “ an actual, peaceable and quiet possession of lands five years previous to the 4th July, 1776, shall be deemed a good and sufficient title, and any grant obtained since that time, or which may be obtained, for the said land, is hereby declared null and void/? which in my judgment means at least such an act of ownership as would be notice to all the world of a claim. Now the acts relied on in this case, are the feeding of cattle on the land, or so much as the cattle could obtain access to, and the clearing of a hammock in the marsh. The first cannot be considered as any evidence of a claim, because the cattle of the neighbourhood also feed on the same land; nor can the second, because the hammock never having been planted or enclosed, it might have been presumed that the party had only intended to claim, but had afterwards abandoned the idea. The words u peace *335 able and quiet” evidently conveying to the mind the idea of a continued possession. But in this case the verdict is so indefinite that it would be in my judgment a sufficient ground for a new trial. What , , was the object of the parties in this suit ? To settle the right. Has the verdict effected the object? Could a writ of habere facias possessionem be issued ? It could not. Is it in the power of the court to amend it ? I presume not. Another suit is then indispensably necessary. I am of opinion, therefore, that a new trial should be granted.
Nott, J.
It is very obvious that neither the original grants of the plaintiff, nor any of his intermediate conveyances cover the land in dispute. TTis claim, therefore, rests alone on possession, unaccompanied by any colour of title. If Stobo’s deed had been found to include the land as I at first inferred it did from the judge’s report, I should have been of opinion that it authorised the verdict which the jury have found. But where we find the plaintiff’s own deed describing the marsh as his boundary, it seems to repel the idea of his claiming the marsh itself? the possession proved in this case, affords but very slight evidence of ownership. It is true plaintiff’s boat sometimes passed from his highland over this marsh to Coxe’s creek; but this will not authorise us to infer that he laid a claim to the land over which his boat passed. He also dug mud out of the marsh to manure his high land; but this has probably been done by thousands without pre *336 tending to set up any claim to the soil. With re-gar(j to the fence that was run through the marsh, as little can be inferred from that. We may as well suppose that it was intended to prevent the neighbor’s cattle from inaking incursions on his high lands and to save the expense of running a fence all round the margin of the marsh, as to appropriate the marsh to his own separate and exclusive use; at best, this evidence is too equivocal to establish a right upon. But even if we give full effect to the possession, it will not cover by any means the quantity given by the verdict, if it gives any thing. Upon the whole, therefore, I am of opinion, the verdict ought to be set aside and a new trial granted. I lay no stress on the uncertainty of the verdict; for if the plaintiff is satisfied, the defendant has no right to complain.
Smith, J.
The jury found a verdict for the plaintiff, and in doing so, they have evidently found for him lands not included within the grants under Which he derived his title. Nor was there any Other written title, nor any proof on his part to establish U statutory title in the plaintiff to that part of the land which lay without the old fence, and which was covered by the marsh; and this part of the land, was evidently within the limits of the defendant’s grant. Therefore, it is a verdict without evidence, and one that deprives the defendant of his just claim to this part of the premises. I am for a new trial.
*337 Brevard, J.
I am of opinion the motion ought to be granted. The verdict is in these words, “We find for the plaintiff all the lands lying to the westward of Coxe’s creek, from the mouth thereof upwards, until it intersects the first boundary line it comes to, with forty shillings damages.” The uncertainty of the verdict is not a ground in this motion, nevertheless, I think it cannot be overlooked. To refuse the motion, would be to support a verdict obviously imperfect on its face; there are no materials in the record, nor any thing to which it can refer to cure the imperfection, to render it certain. It would require the verdict of another jury, to ascertain the intention of the jury who found this verdict. On this ground I think the verdict ought to be set aside. 5th Com. Dig. 521, 522. Cro. James, 113. Co. Litt. 227. a. 1 T. R. 141. I am also of opinion that the verdict is against evidence and law, and on this ground likewise ought to be set aside. The plaintiff claimed under an original patent granted to Mary Fa,tty, dated July, 1683. It was found, in locating the land embraced by this patent, that the marsh land in question was not included therein; this title failed. The pre: sumption of another grant, from conveyances produced in evidence, was unsupported by evidence, and was completely rebutted, as the presiding judge very properly observed at the trial. The title by possession, which was last of all relied upon, was also unsupported by evidence. There was no evidence of actjial, peaceable and continued possession, five years anterior to the 4th July, 1776, as was *338 Pre^ended ; and there was no evidence of a claim by title, or of a claim by right of possession, corresponding with the pretended possession, which I think essential to such a title. The evidence of possession went rather to prove a right of passage occasionally through the marsh, and acommon right of pasture, than an exclusive right of possession by virtue of a legal title.
B vy, J.
After duly considering this case, I am clearly of opinion that there should be a new trial: 1st, Because the plaintiff failed in his proof on the trial, to make out his title to the marsh land in question, by any grant or deed of conveyance, to shew that the fee ever vested in him. Nay, on the contrary, the old deeds he did produce, and the plots, all tended to shew that his plantation on fame’s Island, back of the marsh, bounded on its margin, and never included it: Sndly, Because the kind of possession set up by plaintiff previous to the 1st July, 1776, in or - der to presume an ancient grant, which had been lost by time or accident, was too vague and uncer - tain to warrant any such presumption, and the finding of a jury without some good ground to warrant it, never can give a legal title; it is clearly a finding without evidence : 3rdly, Because the finding of the jury, and the verdict itself is so uncertain and indefinite, that no judgment could b# entered up for any specific quantity of land, or any writ of possession awarded for any definite number of acres, within any designated metes and boundaries. For these several reasons, I am of opinion that there should be* a new trial.